Filed 12/5/23  P. v. Foreman CA2/4
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REECE MATUI FOREMAN,<br><br>    Defendant and Appellant. | B323856<br>(Los Angeles County<br> Super. Ct. No. BA414792) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

In 2015, a jury convicted defendant and appellant Reece Matui Foreman (Foreman) of voluntary manslaughter.  In 2022, Foreman filed a

petition for recall and resentencing under former Penal Code section 1170.95.[1] The trial court denied the petition, concluding Foreman was ineligible for relief as a matter of law. The court found section 1172.6 was inapplicable to Foreman because he was not convicted under any imputed-malice theory.

On appeal, Foreman argues the trial court erred in concluding he was ineligible for relief as a matter of law. He asserts that, based on the instructions given at his original trial, the jury could have convicted him under an imputed-malice theory of liability. We disagree with Foreman's argument and affirm the trial court's order.

## BACKGROUND

A jury found Foreman guilty of one count of voluntary manslaughter (Pen. Code, § 192, subd. (a))[2] and found he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)).

At trial, the jury was not instructed on the natural and probable consequences doctrine, the felony murder rule, or on any other imputed-malice theory of liability.

The trial court sentenced Foreman to 32 years and four months in state prison. In 2016, a different panel of this court affirmed the judgment. (*People v. Forman*[3] (Dec. 20, 2016, B266113) [nonpub. opn.].)

---

[1]   Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute.

[2]   All undesignated statutory references are to the Penal Code.

[3]   We note Foreman's last name was sometimes spelled "Forman" in the record.

In 2022, Foreman filed a petition for resentencing under section 1172.6. The trial court appointed counsel on his behalf. Foreman's counsel filed a brief arguing the jury could have convicted Foreman of manslaughter under the natural and probable consequences doctrine or another imputed-malice theory. The basis for counsel's argument was that the implied malice instruction given at Foreman's original trial contained the words "natural and probable consequences." The prosecution opposed the petition and argued Foreman was ineligible for relief as a matter of law because the record demonstrated he was the actual killer. In support of its argument, the prosecution noted the jury found Foreman personally used a firearm in the commission of the offense.

The trial court denied Foreman relief as a matter of law. At the hearing on the petition, the court found that although the instruction at issue contained the words "natural and probable consequences" when defining implied malice, Foreman was not convicted under any "vicarious liability" theory. The trial court also found Foreman was not entitled to relief because he was the "actual killer."

Foreman timely appealed.

## DISCUSSION

A. *Governing Law*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based

solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Senate Bill No. 1437 (SB 1437) added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime"). As amended by Senate Bill No. 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

SB 1437 also created a procedure, now codified at section 1172.6, for a person convicted of murder, attempted murder, or voluntary manslaughter under the former law to be resentenced if the person could no longer be convicted of those crimes under the current law. (*Lewis*, *supra,* 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.) A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of murder, attempted murder, or voluntary manslaughter under the current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If a petition establishes a prima facie case for relief, the trial court must appoint counsel if requested, issue an order to show cause, and hold an evidentiary hearing. (*Strong*, at pp. 708–709; § 1172.6, subds. (b)(3), (c), & (d)(1).)

B. *Analysis*

On appeal, Foreman renews his trial court argument that the "natural and probable consequences" language in the implied malice jury instruction left open the possibility that he was convicted under a now-invalid imputed-

4

malice theory. However, *People v. Soto* (2020) 51 Cal.App.5th 1043 (*Soto*) rejected this argument. The *Soto* court explained that "[a]lthough the instructions related to implied malice and the natural and probable consequences doctrine of aiding and abetting include similar language regarding a 'natural [and probable] consequence,' they are distinctly different concepts." (*Id.* at p. 1056.) The natural and probable consequences doctrine, unlike the use of the language in the implied malice definition, is "a theory of liability by which an aider and abettor who intends to aid a less serious crime can be convicted of a greater crime." (*Id.* at p. 1058.) The court further explained, "[SB 1437] changed the circumstances under which a person could be convicted of murder without a showing of malice, but it did not exclude from liability persons convicted of murder for acting with implied malice." (*Id.* at p. 1057; see also *People v. Roldan* (2020) 56 Cal.App.5th 997, 1005 [recognizing SB 1437 "did nothing to remove implied malice as a basis for a second degree murder conviction"]; *People v. Lee* (2020) 49 Cal.App.5th 254, 261, 263 [the natural and probable consequences doctrine is not an implied malice theory].)

We agree with *Soto*. At Foreman's trial, the jury was not instructed on the natural and probable consequences doctrine, the felony murder rule, or any imputed-malice theory of liability. Nor did the prosecution argue any of those theories to the jury. It follows that Foreman was not convicted under an imputed-malice theory. The trial court was therefore correct in concluding Foreman is ineligible for section 1172.6 relief as a matter of law.[4]

---

[4] In light of our conclusion, we do not address the merits of the trial court's alternative finding that Foreman was the "actual killer."

5

**DISPOSITION**

The order denying Foreman's petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


COLLINS, J.